UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AISHA MOOTRY,

              Plaintiff,

    -v-

SPOTIFY USA INC.,

              Defendant.

C.A. No. 1:25-cv-10508 (LJL)
**ORAL ARGUMENT
REQUESTED**

---

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT'S PARTIAL MOTION TO DISMISS THE COMPLAINT</u>**

HOGAN LOVELLS US LLP
Michael E. DeLarco
Mitra Anoushiravani
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
michael.delarco@hoganlovells.com
mitra.anoushiravani@hoganlovells.com

*Attorneys for Defendant
Spotify USA Inc.*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ......................................................................................................................3

    A.    The Parties .........................................................................................................3

    B.    Allegations Relevant to New York Impact.................................................3

    C.    Allegations Relevant to Retaliation Claims.................................................3

    D.    EEOC Filing and Relevant Time Window Under Title VII ................................5

ARGUMENT ..........................................................................................................................5

    I.    Legal Standard .................................................................................................5

    II.    Plaintiff's NYSHRL and NYCHRL Claims (Counts II, III, and V) Should Be Dismissed Because Plaintiff Has Not And Cannot Allege the Requisite New York Impact..................................................................................................6

    III.    Plaintiff's Retaliation Claims (Counts IV-V) Should Be Dismissed For Failure to State a Claim.....................................................................................9

        A.    Plaintiff's Alleged Complaints To Ms. Barco, Mr. Rotunno, Ms. Nelson, and Ms. Piper Do Not Amount to Protected Activity. ......................................................................... 9

        B.    Plaintiff's Retaliation Claim Based On Her Alleged Complaints in 2023 To Ms. Mendes Also Fails As a Matter of Law. ........................................................................................ 11

    IV.    Plaintiff's Title VII Disparate Treatment Claim (Count I) Is Time-Barred To The Extent It Relies On Discrete Acts Occurring Before April 18, 2024. ..................................................................................................13

CONCLUSION ......................................................................................................................15

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................6

*Atkinson v. Singh*,
No. 19-cv-3779, 2022 WL 137634 (S.D.N.Y. Jan. 14, 2022) ...............................13

*Banks v. Gen. Motors, LLC*,
81 F.4th 242 (2d Cir. 2023) ...................................................................................13

*Batiste v. City Univ. of New York*,
No. 16-cv-3358, 2017 WL 2912525 (S.D.N.Y. July 7, 2017).................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................6

*Briggs v. SCO Fam. of Servs.*,
No. 21-cv-3065, 2023 WL 3589896 (2d Cir. May 23, 2023)..................................12

*Brown v. City of New York*,
622 F. App'x 19 (2d Cir. 2015) ..............................................................................12

*Buon v. Spindler*,
65 F.4th 64 (2d Cir. 2023) .....................................................................................10

*Carnett v. TIAA Ins. Co.*,
No. 24-cv-9991, 2026 WL 35348 (S.D.N.Y. Jan. 6, 2026) ......................................7

*Colon v. N.Y.C. Hous. Auth.*,
No. 16-cv-4540, 2021 WL 2159758 (S.D.N.Y. May 26, 2021) ........................12, 13

*Davis-Garett v. Urban Outfitters, Inc.*,
921 F.3d 30 (2d Cir. 2019)......................................................................................14

*Diaz v. City Univ. of New York*,
No. 13-cv-2038, 2015 WL 5577905 (S.D.N.Y. Sept. 22, 2015) .............................13

*E.E.O.C. v. Bloomberg L.P.*,
967 F. Supp. 2d 816 (S.D.N.Y. 2013).......................................................................7

*Fried v. LVI Servs., Inc.*,
500 F. App'x 39 (2d Cir. 2012) .................................................................................7

*Gehlaut v. New York City Dep't of Educ.*,
No. 24-1747, 2025 WL 2586770 (2d Cir. Sept. 8, 2025) .......................................................12

*Hoffman v. Parade Publications*,
15 N.Y.3d 285 (2010) ........................................................................................1, 6, 7, 9

*Int'l Healthcare Exch., Inc. v. Glob. Healthcare Exch., LLC*,
470 F. Supp. 2d 345 (S.D.N.Y. 2007)...........................................................................10

*Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*,
716 F.3d 10 (2d Cir. 2013) (per curiam).........................................................................10

*Littlejohn v. City of New York*,
795 F.3d 297 (2d Cir. 2015)...........................................................................................9

*Lyons v. Litton Loan Servicing LP*,
158 F. Supp. 3d 211 (S.D.N.Y. 2016)..............................................................................6

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000).............................................................................................6

*McMenemy v. City of Rochester*,
241 F.3d 279 (2d Cir. 2001).............................................................................................9

*Meilus v. Rest. Opportunities Ctr. United, Inc.*,
No. 21-cv-02554, 2021 WL 4868557 (S.D.N.Y. Oct. 15, 2021)................................8

*Mejia v. White Plains Self Storage Corp.*,
No. 18-cv-12189, 2020 WL 247995 (S.D.N.Y. Jan. 16, 2020) ................................8

*Morrison v. Nat'l Australia Bank Ltd.*,
547 F.3d 167 (2d Cir. 2008)............................................................................................6

*National R.R. Passenger Corp. v. Morgan*,
536 U.S. 101 (2002)........................................................................................................14

*Nnebe v. City of N.Y.*,
No. 22-cv-3860, 2023 WL 2393920 (S.D.N.Y. Jan. 30, 2023) ................................13

*Osorio v. Source Enters., Inc.*,
No. 05-cv-10029, 2006 WL 2548425 (S.D.N.Y. Sept. 5, 2006) ................................11

*Pedroza v. Ralph Lauren Corp.*,
No. 19-cv-08639, 2020 WL 4273988 (S.D.N.Y. July 24, 2020)................................6

*Richards v. New York City Health + Hosps Corp.*
*. Corp.*, No. 23-8033, 2025 WL 2910502 (2d Cir. Oct. 14, 2025) .....................................10, 11

iii

*Rojas v. Roman Cath. Diocese of Rochester,*
  660 F.3d 98 (2d Cir. 2011)..................................................................................10

*Roman-Malone v. City of N.Y.,*
  No. 11-cv-8560, 2013 WL 3835117 (S.D.N.Y. July 25, 2013)....................................9

*Smith v. City of N.Y.,*
  385 F. Supp. 3d 323 (S.D.N.Y. 2019)......................................................................13

*Syeed v. Bloomberg L.P.,*
  41 N.Y.3d 446 (2024) ............................................................................................7

*Talwar v. Staten Island Univ. Hosp.,*
  610 F. App'x 28 (2d Cir. 2015) ..............................................................................10

*Trotter v. Nat'l Football League,*
  737 F. Supp. 3d 172 (S.D.N.Y. 2024)......................................................................8

*Vangas v. Montefiore Med. Ctr.,*
  823 F.3d 174 (2d Cir. 2016)....................................................................................8

*Williams v. Westchester Med. Ctr. Health Network,*
  No. 21-cv-3746, 2022 WL 4485298 (S.D.N.Y. Sept. 27, 2022) .................................12

*Zipes v. Trans World Airlines, Inc.,*
  455 U.S. 385 (1982)..............................................................................................14

*Zoulas v. New York City Dep't of Educ.,*
  400 F. Supp. 3d 25 (S.D.N.Y. 2019).......................................................................14

**Statutes**

42 U.S.C. § 2000e-5(e)(1)...........................................................................................13

Civil Rights Act of 1866 Section 1981 ..................................................................1, 9, 13

Civil Rights Act of 1964 Title VII..................................................................... *passim*

New York City Human Rights Law.................................................................... *passim*

New York State Human Rights Law ................................................................... *passim*

**Rules**

Fed. R. Civ. P. 12(b)(1)................................................................................................5

Fed. R. Civ. P. 12(b)(6)................................................................................................6

## PRELIMINARY STATEMENT

Defendant Spotify USA Inc. ("Spotify" or "Defendant") hereby moves to dismiss Counts II-V of Plaintiff Aisha Mootry's ("Plaintiff") Complaint for two reasons: (1) lack of subject matter jurisdiction as to each of Plaintiff's New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") claims (Counts II, III, and V); and (2) failure to state a claim as to Plaintiff's retaliation claims under Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the NYSHRL, and the NYCHRL (Counts IV and V). In addition, Spotify moves to dismiss Plaintiff's Title VII disparate treatment claim (Count I) to the extent it is predicated on actions that fall outside the applicable statute of limitations (*i.e.*, acts that occurred prior to April 18, 2024).

*First*, Plaintiff is foreclosed from bringing any claims under the NYSHRL or the NYCHRL because she did not live or work in New York, and she has not and cannot plausibly plead that she felt the impact of her termination in New York. *See Hoffman v. Parade Publications*, 15 N.Y.3d 285, 289 (2010) (holding that "nonresidents of [New York] city and state must plead and prove that the alleged discriminatory conduct had an impact within those respective boundaries" to establish subject matter jurisdiction over NYSHRL and NYCHRL claims). Plaintiff's allegations of New York impact are twofold: (1) that she travelled to New York one time and was allegedly excluded from events her colleagues were attending there; and (2) that unspecified discriminatory conduct was "initiated and implemented" by Spotify in New York. But New York courts have consistently held that such attenuated contacts fall well short of establishing the requisite New York impact required for a plaintiff to invoke protections under the NYSHRL or NYCHRL. Accordingly, because Plaintiff's NYSHRL and NYCHRL claims are foreclosed, Counts II, III, and V of the Complaint should be dismissed.

1

*Second*, Plaintiff fails to state a retaliation claim under Section 1981, Title VII, and—assuming *arguendo* their applicability—the NYSHRL and NYCHRL. These statutes require Plaintiff to plausibly allege that she engaged in protected activity and that her termination – the sole adverse action she identifies – was causally connected to that activity. To amount to protected activity, however, Plaintiff must have put Spotify on notice of her genuine belief that it had engaged in an unlawful employment practice. Here, nearly all of the internal complaints Plaintiff alleges she made describe nothing more than friction with her subordinates and dissatisfaction with routine managerial decisions; as such, they do not amount to protected activity as a matter of law. The only complaints that could even conceivably constitute protected activity are the two Plaintiff claims she made in or before March 2023—nearly two years before her termination—and she fails to allege that the person to whom she complained had any involvement in the termination decision. Thus, even if those complaints constitute protected activity, Plaintiff's retaliation claims would still fail because she does not plausibly allege any facts that show that her termination was causally connected to such protected activity. Therefore, this Court should dismiss Counts IV and V of the Complaint.

*Third*, to the extent Plaintiff's Title VII disparate treatment claim (Count I) rests on events that she alleges occurred before April 18, 2024 (more than 300 days from the day Plaintiff filed her EEOC Charge), those claims are untimely and must be dismissed.

For these reasons, set forth in more detail below, Spotify respectfully submits that Counts II-V of the Complaint should be dismissed, and Plaintiff's Title VII claim in Count I should be dismissed to the extent it rests on acts that occurred outside the statute of limitations period.[1]

---

[1] Spotify expressly denies the remaining allegations in the Complaint, including that it engaged in unlawful discrimination with respect to Plaintiff. To the extent that these claims are not dismissed as a matter of law, the facts will show that Spotify terminated Plaintiff's employment for legitimate, well-documented performance reasons.

## BACKGROUND[2]

### A.     <u>The Parties</u>

Plaintiff is an Illinois resident who identifies as Black. Compl. ¶¶ 2, 10. Spotify is a digital media service corporation with a principal place of business in New York, New York. *Id*. ¶ 3. Spotify employed Plaintiff as a Director of Sales, based in Chicago, beginning March 1, 2021. *Id*. ¶¶ 13, 16. At various times during Plaintiff's employment, she was supervised by Caroline Mendes ("Ms. Mendes") and Bryan Rotunno ("Mr. Rotunno"). *Id*. ¶¶ 26, 73. Spotify terminated Plaintiff's employment on January 10, 2025. *Id*. ¶¶ 82-83.

### B.     <u>Allegations Relevant to New York Impact</u>

Plaintiff asserts that "Spotify's discriminatory conduct was initiated and implemented" in New York, New York. *Id*. ¶ 115. Yet, she does not allege that she lived or worked in New York during her employment with Spotify. To the contrary, Plaintiff concedes that "[a]t all times relevant to th[e] Complaint, [she] primarily performed work for Spotify in Chicago, Illinois." *Id*. ¶ 2.

Plaintiff alleges that, in the summer of 2024, she was "excluded from the NA Quarterly Kickoff in person in New York." *Id*. ¶ 78. At the time, however, Plaintiff was working in Chicago. *Id*. Plaintiff only alleges that she traveled to New York one time. She claims that, in October 2024, she made a trip to New York in connection with Ad Week and later learned that members of her team were also in New York for "client dinners, happy hours, and networking events" to which she was allegedly not invited. *Id*. ¶ 79.

### C.     <u>Allegations Relevant to Retaliation Claims</u>

Plaintiff alleges that, between 2022 and 2024, she made a handful of complaints concerning

---

[2] Spotify assumes the factual allegations in the Complaint are true solely for the purposes of this Motion.

3

workplace issues she characterizes as exclusion, insubordination, an unfair allocation of accounts and revenue targets, and general lack of support. *See, e.g., id.* ¶¶ 28-29, 36-38, 55-56, 59-61, 65-66, 70-73, 75.

Specifically, Plaintiff alleges she made the following complaints:

1.     In "approximately March 2022," Plaintiff alleges that she reported to Human Resources Specialist Vida Barco ("Ms. Barco") that a "non-Black colleague" uninvited her from a client meeting. *Id.* ¶ 55. Notably, the Complaint does not allege that Plaintiff told Ms. Barco that this conduct was the result of unlawful discrimination.

2.     On an unspecified date prior to 2023, Plaintiff alleges that she told her then-manager, Ms. Mendes, that certain unidentified non-Black colleagues "routinely ignored her and other Black employees" and that she "referenced race and microaggressions in these conversations." *Id.* ¶¶ 70-73.

3.     In March 2023, Plaintiff alleges that she notified Ms. Mendes that she was not invited to a client dinner at "the SXSW Conference," and that she "believed it was intentional and motivated by race." *Id.* ¶ 75.

4.     At an unspecified time in 2024, Plaintiff alleges that she explained to her then-supervisor, Mr. Rotunno, that a "joint goal setting arrangement," which tied her revenue to the performance of her non-Black "counterpart", would "disproportionately disadvantage her and her team as compared to Rosenow." *Id.* ¶¶ 28-29. Plaintiff alleges that she also "implored" Mr. Rotunno to reconsider his decision to reassign an account to Mr. Rosenow. *Id.* ¶¶ 36-38. Plaintiff alleges that her team, which she claims was also disproportionately disadvantaged, did not identify as Black. *Id.* ¶¶ 60-61. Plaintiff does not allege that she complained of unlawful discrimination in these conversations with Mr. Rotunno.

4

5. In August 2023, June 2024, October 2024, and on another unspecified occasion, Plaintiff alleges that she complained to Human Resources representative Cori Nelson ("Ms. Nelson") and Mr. Rotunno about "insubordination" by her direct reports. *Id.* ¶¶ 56, 59-60, 66. Plaintiff also alleges that, at an unspecified time, a non-Black direct report excluded her from client meetings and failed to share important client and account information, and that she "raised these issues" to Mr. Rotunno. *Id.* ¶ 61. At another unknown time prior to October 2024, Plaintiff alleges that she complained about "team dynamics," including insubordination by her direct reports and lack of support from Mr. Rotunno, to U.S. Head of Sales Ann Piper ("Ms. Piper"). *Id.* ¶ 65. The Complaint does not allege that Plaintiff conveyed to Ms. Nelson, Mr. Rotunno, or Ms. Piper that she attributed any of this conduct to unlawful discrimination.

### D. EEOC Filing and Relevant Time Window Under Title VII

Plaintiff filed a charge of race-based discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC") on February 12, 2025. *Id.* ¶ 8. Plaintiff alleges that, prior to April 2024, she experienced various workplace actions, including allegedly being assigned less favorable territories, staffing, and accounts; being excluded from meetings or events; and being denied equal training or onboarding. *See, e.g.*, *id.* ¶¶ 17-22 (alleged actions that occurred "[s]hortly after" she was hired, in March 2021), 50-51 (alleged actions that occurred within her first six months of employment), 55-56 (alleged actions that occurred in March 2022 and August 2023), 70-77 (alleged actions that occurred in Spring 2022, 2023, and March 2024).

### ARGUMENT

### I. Legal Standard

Spotify seeks to dismiss Counts II, III, and V of the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power

to adjudicate it.*" Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). The party asserting subject matter jurisdiction—Plaintiff in the instant case—bears the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *Pedroza v. Ralph Lauren Corp.*, No. 19-cv-08639, 2020 WL 4273988, at *1-4 (S.D.N.Y. July 24, 2020) (citing *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

Spotify further seeks to dismiss Plaintiff's retaliation claims—Counts IV and V—for failure to state a claim pursuant to Rule 12(b)(6). To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. A complaint therefore must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. **<u>Plaintiff's NYSHRL and NYCHRL Claims (Counts II, III, and V) Should Be Dismissed Because Plaintiff Has Not And Cannot Allege the Requisite New York Impact</u>**

In order to bring a claim under the NYSHRL or NYCHRL, a non-resident of New York, such as Plaintiff, must plead that the alleged discriminatory conduct had an impact in New York State (as to the NYSHRL) or New York City (as to the NYCHRL). *See Hoffman*, 15 N.Y.3d at

291.[3] To satisfy the impact requirement, something more than "a tangential connection" to New York is required. *Id.* at 292. Further, "simply [...] pointing to frequent communication with a managing office in New York City and meetings there regarding local projects" is insufficient. *E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp. 2d 816, 865 (S.D.N.Y. 2013) (citing *Fried v. LVI Servs., Inc.*, 500 F. App'x 39 (2d Cir. 2012)). The purpose of this "impact" requirement is to make the statutes "simple for courts to apply and litigants to follow, lead[ing] to predictable results," and not necessarily to engage in a fact intensive analysis of all the plaintiff's ties to New York. *Fried*, 500 F. App'x at 42. In *Hoffman*, the New York Court of Appeals applied this standard to conclude that dismissal of the plaintiff's NYSHRL and NYCHRL claims was warranted, even though the defendant-company was headquartered in New York, the decision to terminate the plaintiff was made in New York, all management decisions were made from New York, and the plaintiff attended quarterly meetings in New York. *See* 15 N.Y.3d at 289-92.

Here, Plaintiff is an Illinois resident who worked for Spotify in Chicago at all times relevant to the Complaint. Compl. ¶ 2. Her effort to bring claims under the NYSHRL and NYCHRL rests entirely on Spotify being headquartered in New York and three threadbare allegations: that discrimination was allegedly "initiated and implemented" by Spotify in New York, *id.* ¶¶ 3, 115; that Plaintiff was not invited to attend a New York meeting while working from Chicago, *id.* ¶ 78; and that, during a single visit to New York, her team attended events without her, *id.* ¶ 79. These allegations, however, are indistinguishable from those deemed insufficient to invoke the protections of the NYSHRL and NYCHRL in *Hoffman* and its progeny, including in *Carnett v.*

---

[3] More recently, the Second Circuit asked the New York Court of Appeals to explain how the impact test governs a situation in which a nonresident plaintiff alleges failure to promote or hire. The Court of Appeals, in *Syeed v. Bloomberg L.P.*, held that the NYSHRL and NYCHRL may be invoked by "nonresidents who proactively sought an actual New York City- or State-based job opportunity." 41 N.Y.3d 446, 451-52 (2024). Plaintiff does not allege that she "proactively sought" such opportunity.

*TIAA Ins. Co.*, No. 24-cv-9991, 2026 WL 35348 (S.D.N.Y. Jan. 6, 2026), a case that is directly on point (as to the NYCHRL) and was decided by a court in this District mere weeks ago. *See id.* at *3-4 (dismissing NYCHRL claims for insufficient New York impact where plaintiff primarily worked outside the City but traveled to the City approximately every six weeks for work and plaintiff's termination and other allegedly discriminatory conduct occurred in the City); *Trotter v. Nat'l Football League*, 737 F. Supp. 3d 172, 192-93 (S.D.N.Y. 2024) (dismissing NYSHRL and NYCHRL claims brought by non-resident plaintiff who alleged his employer was based in New York, made decisions related to his employment and termination in New York, and that he occasionally worked in New York); *see also Mejia v. White Plains Self Storage Corp.*, No. 18-cv-12189, 2020 WL 247995, at *4 (S.D.N.Y. Jan. 16, 2020) (collecting cases).

*Meilus v. Rest. Opportunities Ctr. United, Inc.*, No. 21-cv-02554, 2021 WL 4868557 (S.D.N.Y. Oct. 15, 2021), underscores that New York-based contacts—even frequent and substantive ones—do not establish New York impact where a plaintiff neither lived nor worked in the state. There, although the plaintiffs alleged work travel to New York and regular interaction with New York-based supervisors—including events central to their discrimination allegations—the court held that such contacts were "precisely the type of 'contacts' that confer insufficient 'impact' to bring them within the purview of the NYSHRL." *See id.* at *10-11. As the court explained, the relevant inquiry is not whether the alleged discrimination stems from New York, but whether its impact was "*felt by [the plaintiffs] in* New York"—a requirement that is not satisfied where, as here, the plaintiff's duty station was outside New York. *See id.* (emphasis in original) (citing *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 183 (2d Cir. 2016)).

At most, the Complaint alleges that Plaintiff was excluded from events while in New York on a business trip and that other purportedly discriminatory acts originated in New York while

Plaintiff was primarily living and working in Chicago. *Hoffman* and its progeny have made clear that these allegations are not enough to sweep Plaintiff, a nonresident individual, within the ambit of the NYSHRL and NYCHRL.

### III. Plaintiff's Retaliation Claims (Counts IV-V) Should Be Dismissed For Failure to State a Claim

To state a *prima facie* retaliation claim under Section 1981 or Title VII, a plaintiff must plausibly allege "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn v. City of New York*, 795 F.3d 297, 315-16 (2d Cir. 2015) (citations and quotation marks omitted) (noting that "[r]etaliation claims under Title VII and Section 1981 are both analyzed pursuant to Title VII principles"); *Roman-Malone v. City of N.Y.*, No. 11-cv-8560, 2013 WL 3835117, at *7 (S.D.N.Y. July 25, 2013) (same). Counts VI and V of the Complaint should be dismissed because Plaintiff cannot satisfy the first or the fourth elements.

### A. Plaintiff's Alleged Complaints To Ms. Barco, Mr. Rotunno, Ms. Nelson, and Ms. Piper Do Not Amount to Protected Activity.

Plaintiff does not, and cannot, plausibly allege that she engaged in protected activity in connection with (i) her alleged complaint in March 2022 to Ms. Barco (Compl. ¶ 55), (ii) her alleged complaints to Mr. Rotunno (*id.* ¶¶ 28-29, 36-38), or (iii) her alleged complaints to Ms. Nelson and Ms. Piper (*id.* ¶¶ 56, 59-60, 66). "'Protected activity' refers to action taken in opposition to statutorily prohibited discrimination." *Roman-Malone*, 2013 WL 3835117, at *7. To sufficiently assert that she engaged in protected activity, a plaintiff must "have had a good faith, reasonable belief that [s]he was opposing an employment practice made unlawful by Title VII," *McMenemy v. City of Rochester*, 241 F.3d 279, 285 (2d Cir. 2001), and she must have conveyed that belief in a manner that put the defendant on notice that the complaints were about

discrimination, "not just general unsatisfactory or unfair conduct," *Talwar v. Staten Island Univ. Hosp.*, 610 F. App'x 28, 30 (2d Cir. 2015). "In this Circuit, the '*sine qua non*' of a national origin or race-based discrimination suit is that the 'discrimination must be because of [the plaintiff's protected characteristic].' " *Richards v. New York City Health + Hosps. Corp.*, No. 23-8033, 2025 WL 2910502, at *3 (2d Cir. Oct. 14, 2025) (quoting *Buon v. Spindler*, 65 F.4th 64, 82 (2d Cir. 2023)).

The factual allegations underlying Plaintiff's purported complaints to Ms. Barco, Ms. Piper, Ms. Nelson and Mr. Rotunno are a hodge-podge of grievances about workplace issues she characterizes as exclusion, insubordination, unfair allocation of accounts and revenue targets, and general lack of support—none of which amounts to opposition to an unlawful employment practice.[4] Indeed, it is well-established in the Second Circuit that "[c]omplaining about general unfairness, unaccompanied by any indication that plaintiff's protected class status caused the unfairness, does not qualify as protected activity.*" See Batiste v. City Univ. of New York*, No. 16-cv-3358, 2017 WL 2912525, at *10 (S.D.N.Y. July 7, 2017) (citing *Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 107-08 (2d Cir. 2011)); *Int'l Healthcare Exch., Inc. v. Glob. Healthcare Exch., LLC*, 470 F. Supp. 2d 345, 357 (S.D.N.Y. 2007) (observing that, while no magic words are required, "ambiguous complaints that do not make the employer aware of alleged discriminatory misconduct do not constitute protected activity"); *see also See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 15, 17 (2d Cir. 2013) (per curiam) (holding that complaint is not protected from retaliation under Title VII "if nothing in the substance of the complaint suggests that the complained-of activity is, in fact, unlawfully discriminatory").

---

[4] *See, e.g.*, Comp. ¶ 56 ("In August 2023, [Plaintiff] complained [Ms. Nelson] in Spotify's Human Resources department about Ms. Snyder's and Ms. Brennan's *insubordination*"); *id.* ¶ 65 ("[Plaintiff] raised her complaint about her *team dynamics*, including her non-Black direct reports' *insubordination*, to [Ms. Piper]"); *id.* ¶ 66 ("In October 2024, Ms. Mootry further escalated her to complaints regarding her team's *insubordination* to Ms. Nelson").

For example, the Second Circuit recently affirmed dismissal of a plaintiff's Title VII retaliation claim where the plaintiff's numerous alleged internal complaints were too vague to identify what practices he was opposing or to suggest he held a good-faith, reasonable belief that the complained-of conduct was unlawful under Title VII. *Richards*, 2025 WL 2910502, at *3. Moreover, a court in this District has found that a plaintiff who complained about her subordinates' insubordination without ever alleging that their insubordination was in any way prompted by discrimination did not engage in protected activity that would serve as a predicate for a retaliation claim. *Osorio v. Source Enters., Inc.*, No. 05-cv-10029, 2006 WL 2548425, at *6 (S.D.N.Y. Sept. 5, 2006). The same defect is present here. Although Plaintiff alleges that she complained at various times about her team's insubordination, among other grievances, she does not plausibly allege that those complaints conveyed or were intended to convey opposition to unlawful discrimination. *See* Compl. ¶¶ 56, 59-61, 65-66.

Accordingly, Plaintiff's retaliation claims premised on Plaintiff's purported complaints to Ms. Barco, Mr. Rotunno, Ms. Nelson, and Ms. Piper should be dismissed, as such complaints do not amount to protected activity as a matter of law.

**B.     Plaintiff's Retaliation Claim Based On Her Alleged Complaints in 2023 To Ms. Mendes Also Fails As a Matter of Law.**

The only complaints alleged in the Complaint that could plausibly amount to protected activity are those Plaintiff made to Ms. Mendes in or before 2023. *See* Compl. ¶¶ 70-73, 75. But even if Plaintiff could plausibly allege that she engaged in protected activity based upon these complaints, her claim still fails because she does not plausibly allege that her termination was

11

causally connected to those complaints. *See Briggs v. SCO Fam. of Servs.*, No. 21-cv-3065, 2023 WL 3589896, at *2 (2d Cir. May 23, 2023).

To survive a motion to dismiss, a plaintiff must "establish a causal connection to support [the] retaliation claim 'either: (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Colon v. N.Y.C. Hous. Auth.*, No. 16-cv-4540, 2021 WL 2159758, at *13 (S.D.N.Y. May 26, 2021). In her Complaint, Plaintiff relies entirely on indirect allegations of temporal proximity to make her retaliation claims. However, Plaintiff's reliance is misguided, because her alleged complaints to Ms. Mendes occurred *years* before her termination.[5] *See* Compl. ¶¶ 70-73, 75. The Second Circuit has consistently affirmed that temporal gaps much shorter than the gap alleged in the Complaint are insufficient, standing alone, to support a plausible inference of causation. *See, e.g.*, *Gehlaut v. New York City Dep't of Educ.*, No. 24-1747, 2025 WL 2586770, at *2 (2d Cir. Sept. 8, 2025) (affirming dismissal of retaliation claims where the approximately one-year gap between protected activity and adverse action defeated any inference of causation)); *Williams v. Westchester Med. Ctr. Health Network*, No. 21-cv-3746, 2022 WL 4485298, at *18 (S.D.N.Y. Sept. 27, 2022) ("[T]he Second Circuit has discounted an inference of causation after three months . . . and has similarly affirmed multiple cases emanating from the district holding similarly"); *see also Brown v. City of New York*, 622 F. App'x 19, 20 (2d Cir. 2015) (affirming dismissal of retaliation claim where the time lapses

---

[5] Other than her termination, Plaintiff identifies no adverse action that she alleges occurred because of protected activity. *See* Compl. ¶¶ 68, 144.

between plaintiff's protected activities and the alleged retaliatory acts ranged from two months to several years) (collecting cases).

Moreover, Plaintiff does not and cannot allege that Ms. Mendes, the individual to whom she allegedly complained almost two years before her termination, played any role in the decision to terminate her employment. *See, e.g.*, *Diaz v. City Univ. of New York*, No. 13-cv-2038, 2015 WL 5577905, at *12 (S.D.N.Y. Sept. 22, 2015) ("Temporal proximity alone is not sufficient where there is no reason to infer that the individual who carried out the adverse action had knowledge of the protected activity or was acting pursuant to the instructions or encouragement of a superior with such knowledge.").

Accordingly, Plaintiff fails to state a retaliation claim and Counts IV and V should be dismissed.[6]

### IV. Plaintiff's Title VII Disparate Treatment Claim (Count I) Is Time-Barred To The Extent It Relies On Discrete Acts Occurring Before April 18, 2024.

Title VII requires that individuals aggrieved by acts of discrimination file a charge with the EEOC within 180 days or, in states like New York and Illinois that have local administrative remedies, 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *see Banks v. Gen. Motors, LLC*, 81 F.4th 242, 259 (2d Cir. 2023). This requirement "operates as a statute of limitations," barring claims made too long after the alleged "unlawful

---

[6] The relevant elements of a *prima facie* retaliation claim under the NYSHRL and NYCHRL are "'identical' to their federal counterpart." *Nnebe v. City of N.Y.*, No. 22-cv-3860, 2023 WL 2393920, at *14-15 (S.D.N.Y. Jan. 30, 2023) (quoting *Smith v. City of N.Y.*, 385 F. Supp. 3d 323, 346 (S.D.N.Y. 2019)). Although, under the NYCHRL, the "but-for" causation standard does not apply, "a plaintiff [still] must . . . establish that there was a causal connection between her protected activity and the employer's subsequent action." *Colon*, 2021 WL 2159758, at *13. And where, as here, the plaintiff relies solely on indirect evidence of temporal proximity, "[t]he same temporal analysis of causation is applicable to federal, NYSHRL, and NYCHRL retaliation claims." *Atkinson v. Singh*, No. 19-cv-3779, 2022 WL 137634, at *13 (S.D.N.Y. Jan. 14, 2022). Plaintiff's NYSHRL and NYCHRL retaliation claims are based on the same factual allegations as her Title VII and Section 1981 retaliation claim. *Compare* Compl. ¶¶ 137-149, *with id.* ¶¶ 62-73. Accordingly, for the same reasons that Plaintiff fails to plead retaliation under Title VII and Section 1981, she also fails under the NYSHRL and NYCHRL.

13

employment practice occurred". *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982). In *National R.R. Passenger Corp. v. Morgan*, the Supreme Court made clear that the word "practice" means "a discrete act or single 'occurrence,' " and that "a discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' " 536 U.S. 101, 110-11 (2002). Consequently, "[w]here the plaintiff complains of discrete discriminatory or retaliatory acts such as 'termination, failure to promote, denial of transfer, or refusal to hire,' such claims are not actionable if they occurred prior to the 300-day period even though they may be 'related to' acts that occurred within the permissible 300-day period." *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019) (quoting *National R.R. Passenger Corp.*, 536 U.S. at 110-11)).

Plaintiff filed her EEOC Charge on February 12, 2025, *see* Compl. ¶ 8, fixing the start of the Title VII 300-day lookback period at April 18, 2024. Yet, the Complaint alleges a series of discrete acts occurring prior to that date, including claims that Plaintiff was assigned less favorable territories, staffing, and accounts; excluded from meetings or events; and denied equal training or onboarding. *See, e.g.,* Compl. ¶¶ 18-22, 50-51, 55-56, 70-77. To the extent Plaintiff's Title VII discrimination claim is predicated on such pre-April 18, 2024 events, the claim is untimely and should be dismissed.[7] *See, e.g.*, *Zoulas v. New York City Dep't of Educ.*, 400 F. Supp. 3d 25, 49-50 (S.D.N.Y. 2019) (dismissing plaintiff's discrimination claim under Title VII to the extent it was based on discrete acts occurring more than 300 days before the filing of plaintiff's administrative complaint).

---

[7] Plaintiff identifies her termination as the adverse action underlying her Title VII retaliation claim. *See* Compl. ¶ 143. To the extent Plaintiff suggests that any other alleged discrete act forms the basis of that claim, such claim is likewise time-barred to the extent it relies on alleged adverse actions occurring before April 18, 2024.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its Partial

Motion to Dismiss the Complaint.

Dated: New York, New York
      February 11, 2026

Respectfully submitted,


*/s/ Michael E. DeLarco*
HOGAN LOVELLS US LLP
Michael E. DeLarco
Mitra Anoushiravani
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile:  (212) 918-3100
michael.delarco@hoganlovells.com
mitra.anoushiravani@hoganlovells.com

*Attorneys for Defendant*
*Spotify USA Inc*.