UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AISHA MOOTRY,

                    Plaintiff,

        -v-

SPOTIFY USA INC.,

                    Defendant.

C.A. No. 1:25-cv-10508 (LJL)
**ORAL ARGUMENT
REQUESTED**

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT'S PARTIAL MOTION TO DISMISS THE COMPLAINT</u>**

HOGAN LOVELLS US LLP
Michael E. DeLarco
Mitra Anoushiravani
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile:  (212) 918-3100
michael.delarco@hoganlovells.com
mitra.anoushiravani@hoganlovells.com

*Attorneys for Defendant
Spotify USA Inc.*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT.............................................................................................................................2

    I.     Plaintiff's NYSHRL and NYCHRL Claims (Counts II, III, and V) Should Be Dismissed Because Plaintiff Fails to Establish the Requisite New York Impact.................................................................................................2

    II.    Plaintiff Fails to State a Retaliation Claim (Counts IV and V)................................4

          A.    Plaintiff's Workplace Complaints to HR, Mr. Rotunno, and Ms. Piper Do Not Constitute Protected Activity.......................4

          B.    Plaintiff's Attempt to Add New Adverse Actions Fails as a Matter of Law.............................................................................7

          C.    Plaintiff Alleges No Facts Supporting Causation. ...........................8

    III.    Plaintiff's Title VII Disparate Treatment and Retaliation Claims (Counts I and IV) Are Time-Barred With Respect to Discrete Acts Occurring Before April 18, 2024. ......................................................................................9

    IV.    The Court Should Deny Leave to Amend the Complaint. ......................................10

CONCLUSION.........................................................................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

*Anderson v. HotelsAB,*
  2015 WL 5008771 (S.D.N.Y. Aug. 24, 2015)........................................................................4

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)...............................................................................................................6

*Aspilaire v. Wyeth Pharms., Inc.,*
  612 F.Supp.2d 289 (S.D.N.Y. 2009).....................................................................................5

*Ball v. Marriott Int'l, Inc.,*
  627 F. Supp. 3d 296 (S.D.N.Y. 2022)....................................................................................8

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)...............................................................................................................6

*Bernstein v. New York City Dep't of Educ.,*
  No. 19-CV-11816, 2020 WL 6564809 (S.D.N.Y. Nov. 9, 2020)...........................................9

*Burlington N. & Santa Fe Ry. Co. v. White,*
  548 U.S. 53 (2006)..............................................................................................................7, 8

*Carnett v. TIAA Ins. Co.,*
  No. 24-cv-9991, 2026 WL 35348 (S.D.N.Y. Jan. 6, 2026) ..................................................3

*Fried v. LVI Servs., Inc.,*
  No. 10-cv-9308, 2011 WL 4633985 (S.D.N.Y. Oct. 4, 2011)................................................3

*Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.,*
  136 F.3d 276 (2d Cir. 1998)..................................................................................................5

*Henry v. Wyeth Pharm., Inc.*
  616 F.3d 134 (2d Cir. 2010)..................................................................................................9

*Hoffman v. Parade Publ'ns,*
  15 N.Y.3d 285 (2010) ....................................................................................................2, 3, 4

*Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC,*
  470 F.Supp.2d 345, 362 (S.D.N.Y. 2007) .............................................................................3

*Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C.,*
  716 F.3d 10 (2d Cir. 2013)....................................................................................................6

*Kirkland-Hudson v. Mount Vernon City School Dist.,*
  665 F. Supp. 3d 412 (S.D.N.Y. 2023)...................................................................................7

*Meilus v. Rest. Opportunities Ctr. United, Inc.*,
    No. 21-cv-02554, 2021 WL 4868557 (S.D.N.Y. Oct. 15, 2021)................................................3

*National R.R. Passenger Corp. v. Morgan*,
    536 U.S. 101 (2002)..................................................................................................................2, 9

*Regan v. Benchmark Co., LLC*
    2012 WL 692056, at *14 (S.D.N.Y. Mar. 1, 2012) ................................................................4

*Summa v. Hofstra University*, *Bader v. Special Metals Corp.,*
    708 F.3d 115, 127-29 (2d Cir. 2013) .......................................................................................9

*TechnoMarine S.A. v. Giftports, Inc.*,
    758 F.3d 493 (2d Cir. 2014).....................................................................................................10

*Trotter v. Nat'l Football League*,
    737 F.Supp.3d 172 (S.D.N.Y. 2024).......................................................................................3, 9

*Vega v. Hempstead Union Free Sch. Dist.*,
    801 F.3d 85 (2d Cir. 2015)........................................................................................................7

*Walder v. White Plains Bd. of Educ.*,
    738 F.Supp.2d 483 (S.D.N.Y. 2010)........................................................................................8

**Statutes**

New York City Human Rights Law.......................................................................................1, 2, 3, 10

New York State Human Rights Law ...........................................................................................1, 2, 3

## PRELIMINARY STATEMENT

Defendant Spotify USA Inc. ("Spotify" or "Defendant") demonstrated in its motion to dismiss ("Motion" or "Mot.") that Counts II-V of Plaintiff Aisha Mootry's ("Plaintiff") Complaint—and Counts I and IV to the extent they rest on alleged conduct outside the applicable statute of limitations—lack any legal basis and should be dismissed. Plaintiff's opposition ("Opposition" or "Opp.") does nothing to salvage her defective pleading. Instead, Plaintiff attempts to resuscitate her claims by (i) mischaracterizing two isolated, business-related travel episodes as "New York impact"; (ii) recasting ordinary workplace issues as protected activity; and (iii) misstating Spotify's argument regarding time-barred discrete acts.

*First*, Plaintiff attempts to avoid dismissal of her New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") claims by relying on two allegations: not being invited to a New York-based event while she worked in Chicago, and not being invited to unspecified client dinners, happy hours, and networking events during a single visit to New York from her workplace in Chicago. Such allegations are insufficient to plausibly establish that any discriminatory conduct had an impact on Plaintiff in New York. The Complaint is unequivocal: Plaintiff resides in Illinois and worked for Spotify in Chicago at all relevant times, placing the locus of any alleged discriminatory impact outside New York. Accordingly, Plaintiff's NYSHRL and NYCHRL claims (Counts II, III, and V) fail as a matter of law.

*Second*, Plaintiff's Opposition confirms the fatal defects in her retaliation claims (Counts IV and V). The only alleged activity that Plaintiff engaged in that could constitute protected activity are her alleged complaints to Ms. Mendes in or before March 2023 (the "Alleged 2023 Complaints"). Mot. 4, 9-10. Plaintiff does not plausibly allege that the complaints she allegedly made to HR, Bryan Rotunno, or Ann Piper could reasonably have been understood as opposing an unlawful employment practice. Plaintiff alleges that those complaints were about exclusion,

1

insubordination, team dynamics, account allocation, and other workplace issues, but she did not tie the conduct to discrimination at the time she made the alleged complaints.

*Third*, assuming Plaintiff engaged in protected activity in connection with the Alleged 2023 Complaints, her retaliation claims still fail because the Complaint does not plausibly allege any causal connection between those complaints and her termination almost two years later. Plaintiff's Opposition attempts to recast her claims by identifying additional purported retaliatory acts following the Alleged 2023 Complaints. But none of the alleged acts amount to adverse actions as a matter of law, nor does Plaintiff plausibly connect them to the Alleged 2023 Complaints.

*Fourth*, Plaintiff mischaracterizes Spotify's timeliness argument. Plaintiff filed her EEOC charge on February 12, 2025, making April 18, 2024 the start of the 300-day limitations window. *Morgan* draws a clear line: discrete acts are not independently actionable if they occurred outside that window. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-13 (2002). Thus, any claims of discrimination or retaliation based on discrete acts that occurred prior to April 18, 2024 are time-barred and must be dismissed.

*Finally,* Plaintiff should not be granted leave to amend. Where, as here, Plaintiff had a full opportunity to plead her claims and failed to put forth any additional facts in her Opposition that could cure those deficiencies, such request should be denied.

## ARGUMENT

### I.    Plaintiff's NYSHRL and NYCHRL Claims (Counts II, III, and V) Should Be Dismissed Because Plaintiff Fails to Establish the Requisite New York Impact.

Plaintiff, an Illinois resident who worked for Spotify in Chicago at all relevant times (Comp. ¶2), concedes that she may only enjoy the protections of the NYSHRL and NYCHRL if she was subjected to discriminatory or retaliatory conduct that had an impact within New York State (as to the NYSHRL) or New York City (as to the NYCHRL). Opp. at 5; *see Hoffman v.*

*Parade Publ'ns*, 15 N.Y.3d 285, 289 (2010). Plaintiff claims that she has met the impact test because she allegedly was not invited to travel to New York for a "NA Quarterly Kickoff" (while she worked in Chicago), and she discovered that she was not invited to dinners and networking events during a single business trip to New York for "Ad Week" while her workplace remained in Chicago. Opp. 6-7. However, these allegations are nothing more than episodic and tangential contacts with New York that do not satisfy the impact requirement as a matter of law. Mot. 6-8; *see, e.g.*, *Carnett v. TIAA Ins. Co.*, No. 24-cv-9991, 2026 WL 35348, at *3-4 (S.D.N.Y. Jan. 6, 2026); *see also Trotter v. Nat'l Football League*, 737 F.Supp.3d 172, 192-93 (S.D.N.Y. 2024); *Meilus v. Rest. Opportunities Ctr. United, Inc.*, No. 21-cv-02554, 2021 WL 4868557, at *10-11 (S.D.N.Y. Oct. 15, 2021); *Fried v. LVI Servs., Inc.*, No. 10-cv-9308, 2011 WL 4633985, at *13 (S.D.N.Y. Oct. 4, 2011). Notably, Plaintiff's Opposition does not address any of the controlling authority cited in Spotify's Motion that squarely rejects NYSHRL and NYCHRL claims despite allegations of far more frequent work travel to New York than the one visit Plaintiff alleges here. Mot. 6-8.

Unable to square the Complaint with *Hoffman* and its progeny, including *Carnett*, Plaintiff points to authorities that have no application here. In *Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*—decided before *Hoffman*—the plaintiff both lived and worked in New York, and the court held that the NYSHRL applied because the alleged discrimination affected the terms and conditions of her employment at her New York City workplace. 470 F.Supp.2d 345, 362 (S.D.N.Y. 2007). Here, Plaintiff lives and worked *in Illinois*; thus, any alleged denial of "professional opportunities," premised on isolated business-related travel, or lack thereof, to New York, would affect her at her workplace in Chicago, Illinois. *Regan v. Benchmark Co., LLC* is likewise inapposite. There, although the plaintiff physically worked in New Jersey at the time she

filed her complaint, she worked for defendant *in New York City* at the time she was allegedly subjected to a discriminatory transfer to New Jersey. 2012 WL 692056, at *14 (S.D.N.Y. Mar. 1, 2012). In this case, Plaintiff has not alleged, and cannot allege, that she ever worked in, or was transferred from, Spotify's New York offices. And, finally, Plaintiff's assertion that *Anderson v. HotelsAB* "directly addresses" her situation is confounding. The court in *Anderson* applied the *Hoffman* framework to an applicant's failure-to-hire claim and held that the defendant's discriminatory conduct "had an impact with respect to [plaintiff's] prospective employment responsibilities in New York City," as the job was to be in New York City seven months a year. 2015 WL 5008771, at *3 (S.D.N.Y. Aug. 24, 2015).

In short, Plaintiff's cited authorities involve alleged injuries experienced by employees at their New York-based offices or individuals who sought but were denied employment in New York; Plaintiff pleads neither, as she concedes she is a nonresident and worked for Spotify in Illinois at all relevant times. Her attempt to convert two isolated business travel events into New York impact does not satisfy *Hoffman*'s jurisdictional requirement.

## II. <u>Plaintiff Fails to State a Retaliation Claim (Counts IV and V).</u>

### A. *Plaintiff's Workplace Complaints to HR, Mr. Rotunno, and Ms. Piper Do Not Constitute Protected Activity.*

As set forth in Spotify's Motion, the only alleged protected activity that Plaintiff pleads in the Complaint are the Alleged 2023 Complaints. Mot. 11, Comp. ¶¶ 70-73, 75. Plaintiff's allegations regarding her communications with HR, Mr. Rotunno, and Ms. Piper do not plausibly allege protected activity. The Complaint alleges that Plaintiff made three complaints to HR: first, to Ms. Barco in approximately March 2022, about being "uninvited from a client meeting" by a non-Black colleague; and the last two, to Ms. Nelson in August 2023 and October 2024, about "insubordination" by her direct reports. Mot. 4-5; Compl. ¶¶ 55-56, 66. Nowhere in the Complaint

does Plaintiff allege that she told Ms. Barco or Ms. Nelson that she believed this conduct was motivated by her race or otherwise constituted unlawful discrimination. Mot. 9-11. Recognizing this pleading deficiency, Plaintiff argues, without any supporting authority, that being "a Black woman" and allegedly directing complaints to HR is sufficient at the pleading stage to constitute protected activity. Opp. 10. Not so. An employer is not required to infer allegations of unlawful discrimination from ordinary workplace complaints made by an employee in a protected class. The proper inquiry is whether the employer could reasonably have understood, from the employee's communications themselves, that the employee was opposing conduct prohibited by anti-discrimination laws. Mot. 9-10; *see also Aspilaire v. Wyeth Pharms., Inc.*, 612 F.Supp.2d 289, 309 (S.D.N.Y. 2009) (an employee's undisclosed belief that she is being discriminated against does not transform an ordinary workplace complaint into protected activity). The Complaint alleges no facts meeting this standard.

Plaintiff's allegations concerning her conversations with Mr. Rotunno and Ms. Piper fare no better. Plaintiff alleges that she explained to Mr. Rotunno that a proposed "joint goal setting arrangement would disproportionately disadvantage her and her team," and pleads that her team are non-Black, "as compared to Mr. Rosenow," and that she later complained to Ms. Piper about "team dynamics," including alleged "insubordination." Compl. ¶¶ 29, 46, 65. As pleaded, these are generalized workplace issues that do not constitute protected activity as a matter of law. Mot. 9-11. In addition, no reasonable supervisor would have understood complaints concerning alleged disadvantages to Plaintiff and her team to allege unlawful discrimination, particularly where her team was "non-Black." Compl. ¶ 46; *see Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998) (rejecting a retaliation theory where the plaintiff's workplace complaints did not state or imply discrimination based on a protected characteristic).

Unable to point to factual allegations showing that her communications conveyed opposition to unlawful discrimination, Plaintiff's Opposition asks the Court to "read [the allegations] in context" and relies on the conclusory assertion in paragraph 140 of the Complaint that she "complained to Spotify that her supervisors […] were treating her adversely compared to her non-Black counterparts and holding [Plaintiff] to disproportionate expectations compared to her non-Black counterparts." Opp. 10; Compl. ¶ 140. This argument fails, however, because paragraph 140 does not supply any factual context – such as who she complained to, when she complained, what the alleged adverse treatment consisted of or when it occurred. As such, Plaintiff has failed to tie this conclusory assertion to any allegations elsewhere in the Complaint. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," cannot substitute for well-pleaded facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1]

Plaintiff's reliance on *Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C.* is unavailing and, in fact, undermines her argument. 716 F.3d 10 (2d Cir. 2013). In *Kelly*, the plaintiff repeatedly complained internally about favoritism, insubordination, and the workplace fallout from a supervisor's affair, but the Second Circuit held that those complaints were not protected activity because, despite her later use of words like "discrimination" and "sexual favoritism," "nothing about the plaintiff's complaints as alleged would have put the defendants on notice" that she was opposing discrimination based on a protected characteristic. *Id.* at 13, 18. That is the same defect present here: Plaintiff's alleged complaints to HR, Mr. Rotunno, and Ms. Piper were about alleged exclusion, insubordination, "team dynamics," account allocation, and lack of

---

[1] Plaintiff's reliance on paragraph 141 is likewise unavailing, as nowhere in that paragraph does she allege that she told Mr. Rotunno or Ms. Piper that she believed the inequitable allocation of business accounts, which would also affect her non-Black team, was due to her race.

support—*i.e.*, alleged workplace unfairness and general managerial disputes. She does not, and cannot, show that what she said would lead any reasonable person to believe that her complaints were about unlawful race discrimination. *Kelly* confirms that protected-class status does not supply notice where the content of the complaint reflects only workplace disputes rather than opposition to unlawful discrimination. Accordingly, as the court in *Kelly* rejected attempts to transform ordinary workplace matters into protected activity through after-the-fact litigation characterization, this Court should reject Plaintiff's attempt to bootstrap protected activity from conclusory assertions that are not tied to the factual allegations in the Complaint.

B.      *Plaintiff's Attempt to Add New Adverse Actions Fails as a Matter of Law*.

Aside from her termination (which Plaintiff fails to plausibly connect to the Alleged 2023 Complaints), Plaintiff fails to identify a single employment action taken against her that would rise to the level of an adverse employment action under applicable law. In the context of a retaliation claim, "an adverse employment action is any action that 'could well dissuade a reasonable worker from making or supporting a charge of discrimination.' " *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 85, 90 (2d Cir. 2015) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). In her Opposition, Plaintiff asserts that, in addition to termination, she was subjected to three additional adverse actions: (i) HR allegedly suggesting, in October 2024, that Plaintiff "consider finding another job," Compl. ¶ 67; (ii) not being invited to the NA Quarterly Kickoff in New York in Summer 2024, Compl. ¶ 78; and (iii) exclusion from networking events and dinners in New York during Ad Week in October 2024, Compl. ¶ 79. Opp. 10-12.[2] Even if true, these allegations are, at best, "petty slights" or "minor annoyances" that are not adverse employment actions as a matter of law. *See White*, 548 U.S. at 68; *Kirkland-Hudson v. Mount*

---

[2] As noted in Spotify's Motion, Plaintiff's Title VII retaliation claim is time-barred to the extent it relies on alleged adverse actions occurring before April 18, 2024. Mot. 14, n. 7.

*Vernon City School Dist.*, 665 F. Supp. 3d 412, 461 (S.D.N.Y. 2023) (alleged exclusion from meetings does not amount to adverse employment action).[3]

        C.     *Plaintiff Alleges No Facts Supporting Causation.*

Plaintiff's retaliation claims also fail for lack of causation. With regard to the termination, even assuming that the Alleged 2023 Complaints constitute protected activity, Plaintiff's termination occurred nearly two years later, in January 2025. Compl. ¶¶ 70-75, 82-83. The Complaint alleges no facts bridging that gap that plausibly establishes that she would not have been terminated "but for" the Alleged 2023 Complaints: it pleads no intervening adverse actions tied to the Alleged 2023 Complaints, and, critically, no allegation that Ms. Mendes participated in, influenced, or even communicated Plaintiff's complaints to the decision-makers responsible for her termination. The Complaint is likewise bare of any allegation that that Ms. Mendes participated in, influenced, or even communicated Plaintiff's complaints to the decision-makers responsible for allegedly not inviting her to the NA Quarterly Kickoff in New York in Summer 2024, networking events and dinners in New York during Ad Week in October 2024 or that Ms. Mendes told the HR representative that allegedly told Plaintiff in October 2024 to "consider finding another job." Absent such allegations, the nearly eighteen months to two-year lapse between the alleged protected activity and these alleged adverse actions cannot, standing alone, plausibly support an inference of causation. Mot. 11-12; *see Ball v. Marriott Int'l, Inc.*, 627 F. Supp. 3d 296, 323 (S.D.N.Y. 2022) (period of nine months too long too long to support a *prima facie* showing that there was a causal connection between the complaint and the allegedly retaliatory action); *see also Walder v. White Plains Bd. of Educ.*, 738 F.Supp.2d 483, 503 (S.D.N.Y. 2010) ("Most of the

---

[3] Plaintiff cites no authority, other than the general standard in *White*, for the proposition that the three episodes she identifies constitute adverse actions.

decisions in this Circuit that have addressed this issue have held that lapses of time shorter than even three months are insufficient to support an inference of causation.") (collecting cases).

Plaintiff's reliance on *Summa v. Hofstra University*, *Bader v. Special Metals Corp.*, and *Trotter v. Nat'l Football League* underscores the flaws in her causation theory. *Summa* and *Bader* involved a record of protected complaints followed by adverse actions closely tied in time and supported by additional indicia of causation that are absent here. *Summa*, 708 F.3d 115, 127-29 (2d Cir. 2013) (finding a four-month time span sufficient to establish causation and further finding causation when "the agent who decides to impose the adverse action but is ignorant of the plaintiff's protected activity *acts pursuant to encouragement by a superior* (who has knowledge) to disfavor the plaintiff[]") (emphasis in original) (citing *Henry v. Wyeth Pharm., Inc.* 616 F.3d 134, 148 (2d Cir. 2010)); *Bader*, 985 F.Supp.2d 291, 319-22 (N.D.N.Y. 2013) (finding causation between protected activity and an adverse action three years later due to clear allegations of an intervening pattern of retaliatory conduct, including allegations of disciplinary action that occurred a "mere five days" after plaintiff made an ethics report). Likewise, *Trotter* involved unmistakable, repeated race-discrimination complaints that management acknowledged, followed by a near-immediate adverse action—*i.e.*, a direct, contemporaneous causal chain. 737 F.Supp.3d at 190-91.

### III. <u>Plaintiff's Title VII Disparate Treatment and Retaliation Claims (Counts I and IV) Are Time-Barred With Respect to Discrete Acts Occurring Before April 18, 2024.</u>

To the extent Plaintiff seeks to premise Title VII liability on pre-April 18, 2024 acts, the claim is untimely and must be dismissed. *See Bernstein v. New York City Dep't of Educ.*, No. 19-CV-11816, 2020 WL 6564809, at *4-5 (S.D.N.Y. Nov. 9, 2020) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charged.") (quoting *Morgan*, 536 U.S. at 113). Plaintiff's reliance on the continuing violation

9

doctrine is misplaced because the Complaint does not assert a hostile work environment claim under Title VII or Section 1981. The only claim for hostile work environment is set forth in Count III and is asserted under the NYCHRL. Compl. ¶ 130. For the reasons stated in Section I, *supra*, and Spotify's Motion, Plaintiff's NYCHRL claim must be dismissed.

### IV. <u>The Court Should Deny Leave to Amend the Complaint.</u>

In a last-ditch attempt to avoid dismissal with prejudice, Plaintiff requests this Court's leave to amend. Opp. 16. The Court should deny that request. It is well settled that "[a] plaintiff need not be given leave to amend if [she] fails to specify . . . how amendment would cure the pleading deficiencies in [her] complaint." *TechnoMarine S.A. v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). Plaintiff does not identify any additional allegations she could assert to establish jurisdiction or to state a viable retaliation claim; thus, her conclusory request for amendment should be denied.

### <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that this Court grant its Partial Motion to Dismiss the Complaint.

Dated: New York, New York
March 4, 2026

Respectfully submitted,

*/s/ Michael E. DeLarco*
HOGAN LOVELLS US LLP
Michael E. DeLarco
Mitra Anoushiravani
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
michael.delarco@hoganlovells.com
mitra.anoushiravani@hoganlovells.com

*Attorneys for Defendant*
*Spotify USA Inc.*